UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JAMES C. MAXEY, | ) |
| Plaintiff, | ) ) ) |
| v. | ) NO. 2:21-CV-44 ) |
| NATIONAL EDUCATION ASSOCIATION et al., | ) ) ) |
| Defendants. | ) |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff filed a pro se Complaint [Doc. 2] and an accompanying Motion [Doc. 1] to proceed *in forma pauperis.* The Motion is before the United States Magistrate Judge pursuant to 28 U.S.C. § 636, and the standing orders of this Court. Plaintiff is representing himself in this action.

The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have meaningful access to the courts. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948); *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). For that reason, the statute allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992).

The Court's review of an *in forma pauperis* application is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262-63 (6th Cir. 1990). The threshold requirement which must be met in order to proceed *in forma pauperis* is that the petitioner show, by affidavit, the inability to pay court fees and costs. 28 U.S.C. §1915(a). At the same time, one need not be absolutely destitute to enjoy the benefit of proceeding *in forma pauperis*. *Adkins,* 335 U.S. at 342, 69 S.Ct. at 90. An affidavit to proceed *in forma pauperis* is

sufficient if its states that the petitioner cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id.* at 339, 69 S.Ct. at 89. The decision to grant or deny such an application lies within the sound discretion of the Court. *Phipps v. King*, 866 F.2d 824, 825 (6th Cir. 1988).

In the present case, the Court has considered Plaintiff's Application to Proceed Without Prepayment of Fees and his economic status in determining whether to grant him leave to proceed *in forma pauperis*. The application sets forth grounds for so proceeding; therefore, the Application to Proceed Without Prepayment of Fees [Doc. 1], is **GRANTED**.

The Clerk is **DIRECTED** to file the complaint without prepayment of costs or fees. *Gibson*, 915 F.2d at 262-63; *see Harris v. Johnson*, 784 F.2d 222 (6th Cir. 1986). **The Clerk shall not issue process, however, at this time.**

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii), the district court may dismiss a complaint as frivolous or if it fails to state a claim upon which relief can be granted. *See also Neitzke*, 490 U.S. 319, 109 S.Ct. 1827.[1] The Court recommends that Plaintiff's claim not proceed for the reasons stated below.

I. **FACTUAL ALLEGATIONS**

In the instant action, Plaintiff alleges he has been the victim of a far-reaching criminal enterprise implicating entities ranging from the United Kingdom to the Mormon Church to the Democratic National Committee. Specifically, Plaintiff baldly asserts that beginning on or about July 22, 1987 and continuing through the present, Defendants have committed fingerprint, employment, and union frauds against Plaintiff, California state courts, and federal courts. Plaintiff

---

[1] While Plaintiff is not a prisoner, 28 U.S.C. § 1915 is not limited to prisoner suits despite its references to prisoners. *United States v. Floyd*, 105 F.3d 274, 36 Fed. R. Serv. 3d 1330 (6th Cir. 1997) and *Powell v. Hoover*, 956 F. Supp. 564 (M.D.Pa. 1997).

further alleges he has been the victim of unspecified human rights abuses. Based on these claims, Plaintiff incorporates all relief requested since November 2020 in his other cases in this District, other federal district and circuit courts, and in California state courts and further requests this matter be transferred to the Eastern District of California for further adjudication.

## II. LEGAL ANALYSIS

The Court begins its analysis by noting that Plaintiff has a long history of litigating similar matters in California. In fact, the Eastern District of California noted in 2015 that Plaintiff had "filed over one hundred and seventy civil actions in this district, the vast majority of which were summarily dismissed as frivolous or for failure to state a viable claim." *Maxey v. Brown*, No. 214-CV-2206-JAM-EFB PS, 2015 WL 13738469, at *2 (E.D. Cal. Dec. 3, 2015), *report and recommendation adopted*, No. 214-CV-2206-JAM-EFB PS, 2016 WL 738813 (E.D. Cal. Feb. 18, 2016). The substance of those actions, like the present action, were "based on plaintiff's allegations concerning a vast government conspiracy involving, *inter alia*, the implantation of a microchip in plaintiff's head." *Id.*

In undertaking the present review, the Court liberally construes Plaintiff's claims because he is proceeding pro se. *Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007). Even under this lenient standard, a claim will be dismissed if it is frivolous, meaning it lacks "'an arguable basis either in law or fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). The Sixth Circuit has explained that "[t]he former [deficiency] occurs when 'indisputably meritless' legal theories underlie the complaint, and the latter when it relies on 'fantastic or delusional' allegations." *Id.* As with the claims raised in Eastern District of California, this District will dismiss claims that rely on

"fantastical or delusional" allegations.[2] Here, Plaintiff's contention of a global conspiracy to control and defraud him rely upon these types of allegations. As such, Plaintiff's claims lack sufficient merit as presented to warrant further legal or factual analysis.

Typically, in a case such as this the Court would be inclined to allow a pro se litigant pursuing a claim the opportunity to amend his or her complaint to provide further information rather than immediately issuing a Report and Recommendation that recommends dismissal of the claim; however, specific facts of this case and the particular plaintiff asserting the claim require considerations beyond those that are customary.

Here, the Court notes that even if a claim akin to the instant one asserted by Plaintiff was amended to set forth a colorable claim, this Court would not be the appropriate forum for resolution of the claim. In support of that conclusion, the Court relies on 28 U.S.C. § 1406 which provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if be in the interest of justice, transfer such case to any district or division in which it could have been brought." *See Smith v. Thompson,* 685 F. Supp. 177, 177 (N.D. Ill. 1988) (granting an in forma pauperis application but transferring the complaint to a district where alleged harm occurred in violation of 42 U.S.C. § 1983). Under 28 U.S.C. § 1391, venue is appropriate in the district where any defendant resides, if all defendants live in the same state, the district where a "substantial part of the events or omissions giving rise to the claim occurred. . ." or any judicial district where any defendant is subject for personal jurisdiction if neither of the first two options are applicable. Here, Plaintiff alleges that the harm giving rise to his cause of action

---

[2] *See e.g. Dodson v. Haley*, No. 3:16-CV-354-PLR-CCS, 2016 WL 3625677, at *3 (E.D. Tenn. June 29, 2016), *aff'd,* No. 16-6196, 2017 WL 3224485 (6th Cir. May 17, 2017)(dismissing a claim of implantation of a thought processing device); and *see Modrall v. United States Dep't of Educ.*, No. 1:19-CV-00250, 2020 WL 4746464, at *2 (E.D. Tenn. May 6, 2020), *report and recommendation adopted sub nom. Modrall v. U.S. Dep't of Educ.*, No. 1:19-CV-250, 2020 WL 2732399 (E.D. Tenn. May 26, 2020) (dismissing claim alleging unspecified "atrocities" and "torture" at the hands of foreign and domestic governments and politicians).

occurred within the Eastern District of California; therefore, venue would be proper in that District rather than this one.

While acknowledging that this Court has the power to permit Plaintiff to amend his Complaint and further has the power to transfer the Complaint to the Eastern District of California, doing so in this instance would not serve the ends of justice. Specifically, the Local Rules of the Eastern District of California have adopted a California state law screening process when considering claims raised by a plaintiff who has been declared a "vexatious litigant." *See* E.D. Cal. L.R. 151. As noted above, Plaintiff has lost his filing privileges in the Eastern District of California. *See Maxey v. Johnson,* No. 2:15–cv–1656 JAM–EFB, ECF No. 7 (E.D. Cal. Aug. 10, 2015) ("This order constitutes a "prefiling order" as defined in CCP § 391.7, and will operate to prevent Mr. Maxey from filing any new litigation in this Court without first obtaining leave of Chief Judge Morrison England."). To transfer Plaintiff's case to the Eastern District of California would allow Plaintiff to circumvent the prefiling requirement that has been imposed upon him by that Court which the Court finds would be wholly improper.

Moreover, this Court finds that further consideration of the claim by this Court is not warranted in the interest of judicial economy. *See Miller v. Toyota Motor Corp.,* No. 3:07-CV-3549, 2008 WL 11451546, at *4 (N.D. Ohio Sept. 12, 2008*), aff'd,* No. 3:07-CV-3549, 2008 WL 11451547 (N.D. Ohio Sept. 30, 2008) (noting that judicial economy may be considered in determining whether to grant transfer under 28 U.S.C. § 1406(a)). Having found that even if Plaintiff could set forth a colorable claim under 28 U.S.C. § 1406, transfer will ultimately be necessary and having determined that transfer is not a viable option in this matter, the Court cannot find it proper to permit Plaintiff to proceed with his claims in this District.

Accordingly, the Court has no choice but to recommend that Plaintiff's claims be dismissed. In making this recommendation, the Court notes that Chief District Judge McDonough recently issued an Order, Document 1 in Case No. 1:21-mc-10, enjoining Plaintiff from further filings in this Court without first seeking and obtaining permission from the Court.

### III. CONCLUSION

As set forth above, federal courts will only entertain claims with legal and factual merit; therefore, it is **RECOMMENDED** that Plaintiff's Complaint [Doc. 2] be **DISMISSED** with prejudice because the claims set forth therein are devoid of legal and factual merit.

This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 195 F.2d at 263, wherein the Court states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed *in forma pauperis*.[3]

Respectfully submitted,

s/ Cynthia Richardson Wyrick
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2). Failure to file objections within the time specified waives the right to review by the District Court. Fed. R. Crim. P. 59(b)(2); *see United States v. Branch*, 537 F.3d 582 (6th Cir. 2008); *see also Thomas v. Arn*, 474 U.S. 140, 155 (1985) (providing the failure to file objections in compliance with the time period waives the right to appeal the District Court's order). The District Court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).